UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22935-CIV-LENARD/GARBER

HECTOR PAVON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court by reference from United States District Judge Joan A. Lenard. The Court has received the Plaintiff Hector Pavon's Verified Motion for Attorney's Fees and Costs Based on Defendant's Improper Removal [DE 38], Defendant Carnival Corporation's Response and Motion to Bifurcate [DE 41], as well as the concomitant response and replies.

This lawsuit was originally filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on July 19, 2009. The Complaint alleged (1) negligence under the Jones Act, 46 U.S.C. § 30104; (2) unseaworthiness; (3); failure to provide maintenance and cure; and (4) failure to pay wages under the Seaman's Wage Act, 46 U.S.C. § 10313. On September 30, 2009, Defendant filed its Notice of Removal [DE 1] in which it removed the state court case to this Court. Defendant based the removal on an arbitration clause in the employment agreement. On October 9, 2009, Plaintiff filed a Motion to Remand [DE 3] based on *Thomas v. Carnival Corporation* in which the Eleventh Circuit held that the exact arbitration clause, in a case with the same Defendant, was unenforceable as to the plaintiff's Seaman's Wage Act claim. 573 F.3d 1113, 1124 (11th Cir. 2009). Defendant opposed the remand and moved to compel arbitration. *See* [DE 32].

On January 20, 2010, Judge Lenard granted Plaintiff's Motion to Remand and denied Defendant's Motion to Compel Arbitration as moot. *See* [DE 36]. The Court found that the arbitration clause was null and void with respect to Plaintiff's Jones Act (Count I) and Seaman's Wage Act (Count IV) claims, but declined to compel arbitration of Plaintiff's unseaworthiness (Count II) and maintenance and cure (Count III) claims on the basis that it would be inefficient and a waste of judicial resources. *Id*. at 5-6. Thus, the Court remanded the case back to state court in its entirety. Based on the ruling remanding the case, Plaintiff filed the instant Motion.

Defendant, however, filed a Motion for Reconsideration of the Motion for Remand [DE 40]. Judge Lenard granted the Motion for Reconsideration and amended the order regarding remand such that Plaintiff's Motion to Remand was granted as to Counts I and IV only. [DE 56 at 8]. The Court reserved ruling on whether Counts II and III should be arbitrated. *Id*. Plaintiff filed the instant Motion before the Court's ruling on the Motion for Reconsideration. In light of Judge Lenard's Order on the Motion for Reconsideration and in the interest of judicial economy, it is hereby

ORDERED that Plaintiff Hector Pavon's Verified Motion for Attorney's Fees and Costs Based on Defendant's Improper Removal is DENIED WITHOUT PREJUDICE. Hector Pavon may re-submit its Motion for Attorney's Fees and Costs following the disposition of any remaining issues in this cause. It is further

ORDERED that the Motion to Bifurcate [41] is DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida this 23rd day of August, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE